UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert A. Nelson, #99942-071, | ) C/A No. 4:05-3238-TLW-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, FCI-Estill; and United States of America, | ) |
| Respondents. | ) |

The petitioner, Robert A. Nelson (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution, in Estill, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner requests the Court "vacate and set aside sentence showing that sentence has been served in full" based on his contention that the "government denied Petitioner's right to due process," as well as access to the courts, by failing to file a response to Petitioner's pending § 2255 action in the time established by Court order. See C/A No. 4:05-236-TLW. Petitioner's habeas action filed pursuant to 28 U.S.C. § 2241 should be dismissed.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner was sentenced in this Court on April 21, 2004, in Criminal Case No. 4:03-382. On January 24, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which is currently pending. *See* Civil Action No. 4:05-236-TLW. On November 23, 2005, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241, based on the fact no response to the § 2255 motion had been filed. Petitioner claims violation of constitutional rights under the Due Process Clause, as well as denial of access to the courts based on procedural issues in his § 2255 action. Petitioner seeks to have his sentence vacated.

2

The petition for writ of habeas corpus under 28 U.S.C. § 2241 in this case should be dismissed because the petitioner's claims should be addressed in his action filed under 28 U.S.C. § 2255, not in a separate action under 28 U.S.C. § 2241.  Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction or sentence was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners.  When a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, § 2241 remains an option as a remedy.  *See* In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).

Since the passage of § 2255, a writ of habeas corpus under § 2241 has only been resorted to in limited situations, such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-170 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-130 (7th Cir. 1991)(petition under § 2241 is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term.)  Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is generally not available where the underlying validity of the conviction and sentence is being challenged.  *See* Charles v.

3

Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).

Petitioner is not challenging the execution of his sentence, but seeks to have his sentence vacated, which is the purpose of § 2255, not § 2241. Petitioner brings a separate action under § 2241 to address procedural issues that should be raised in his pending § 2255 action. If this § 2241 action were to proceed, Petitioner would have two actions attempting to resolve the same issue, causing duplication of effort. The remedies available under the pending §2255 action are not inadequate. Therefore, Petitioner's habeas action filed under § 2241 should be dismissed without prejudice.

## Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970). The petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 5, 2006
Florence, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**